STATE OF MAINE *vs.* ALBERT PELOQUIN.

Androscoggin.    Opinion January 31, 1910.

*Indictment. Criminal Law. Presumptions. Judicial Notice. Terms of Court. Intoxicating Liquors. Nuisance. Revised Statutes, chapter 22, section 1.*

The "date of the finding" of an indictment is the date of its return and presentation to the court.

Where the record fails to show when an indictment was returned, it will be presumed to have been returned after the beginning of the term and before arraignment.

The Supreme Judicial Court being a court of general jurisdiction, its procedure is presumed to have been regular, in the absence of competent evidence to the contrary, and hence an indictment will be presumed to have reached the clerk through the proper channel.

Since a conviction or acquittal of maintaining a liquor nuisance during a given period bars subsequent prosecution based on the same period, an indictment must specifically allege the time relied on with certainty.

The court takes judicial notice of the dates of its terms.

An indictment is presumed to have been found at the first day of the term, in the absence of proof to the contrary.

The date of the finding of an indictment specified in its caption is not con-
clusive, and it may be shown by competent evidence, including other
records of the court, that the indictment was found at a later date.

An indictment charging the keeping of a liquor nuisance between a specified
date and the date of the finding of the indictment was sufficient to cover
the period between the specified day and the first day of the term at which
the indictment was found.

On exceptions by defendant. Overruled.

Indictment against defendant for keeping and maintaining a
liquor nuisance in violation of Revised Statutes, chapter 22, sec-
tion 1. Plea, not guilty. Verdict guilty, "and the defendant was
sentenced to pay a fine of two hundred dollars and costs and to
serve four months in jail and in default of payment of fine and
costs to serve six months additional in jail." The defendant
excepted to certain rulings made during the trial.

The case is stated in the opinion.

*Frank A. Morey*, County Attorney, for the State.

*H. E. Holmes*, for defendant.

SITTING : EMERY, C. J., PEABODY, CORNISH, KING, BIRD, JJ.

CORNISH, J. The respondent was indicted at the September term,
1909, of the Supreme Judicial Court of Androscoggin County, for
keeping and maintaining a liquor nuisance in violation of R. S.,
ch. 22, sec. 1. He was arraigned, pleaded not guilty, was tried
and convicted. The indictment was in the usual form, and alleged
that "at the Supreme Judicial Court begun and holden at Auburn
within and for the County of Androscoggin on the third Tuesday
of September in the year of our Lord one thousand nine hundred
and nine, the grand jurors for said State upon their oath present
that Albert Peloquin of Lewiston in said County of Androscoggin,
on the first day of May, 1909, and on divers other days and times
between that day and the day of the finding of this indictment,
at Lewiston, etc., did keep and maintain," etc. The respondent
objected to the admission of all evidence in support of the charge
in the indictment, except evidence of doings on the first day of
May, 1909, unless the State should first prove the date of the find-

ing of the indictment by the grand jury. To the overruling of this objection and the admission of evidence on the part of the officers as to conditions during the month of July, 1909, and to the instructions of the presiding Justice that the indictment covered the period between May 1, 1909, and the beginning of the September term of court viz, the third Tuesday of September, 1909, the respondent excepted and on these exceptions, which involve but a single question of law, the case is before this court.

The argument of the respondent is that as the time of finding an indictment by a grand jury is the time when it is returned and presented to the court, and as the grand jury is not shown to have made any report in this case, therefore there is no date at which the finding can be said to have been made, and none which could mark the end of the period covered by the indictment and therefor all evidence must be confined to May first, the beginning of the period. This contention is without merit, as the conclusion does not follow from the premise. It is true that the date of finding an indictment is the date of its return and presentation to the court, but independent of any record as to the precise date of such return, the presence of the indictment in court, for the arraignment and trial of the accused is sufficient evidence that it has been so returned at some time after the beginning of the term and prior to such arraignment. This court being a superior court of general jurisdiction, it is to be presumed, in the absence of competent evidence to the contrary, that the procedure has been regular and that the indictment has reached the hands of the clerk from the grand jury through the proper and legal channel. No such evidence has been introduced in this case and the presumption stands unassailed.

Was the construction put upon the allegation "the day of the finding of this indictment" exceptionable? It certainly was not prejudicial to the respondent. The first day of the term was fixed as the end of the period and no evidence could be introduced of acts done after that time, although the indictment may not in fact have been found until some days later. Any advantage was in favor of the respondent. But the ruling was correct as well as non-prejudicial.

In offenses like that charged in this case it is of course necessary to allege the time with certainty. Since a conviction or acquittal of maintaining a nuisance during a given period of time operates as a bar to a second prosecution for the same offense during the same period, it is essential to the rights of the respondent that the period be alleged with exactness. But the allegation in this case meets that requirement. May first, 1909, is the beginning of the period and "the day of the finding of this indictment" is the end. The court takes judicial notice of the dates of its terms. The grand jury may complete their work and report the first day or they may remain in session several days and report at a later date or they may make a special report of certain indictments before their final report is made. The indictment in this case purports to have been found on the first day of the term namely the third Tuesday of September, and there is no evidence in the case to show the contrary. In the absence of such evidence that date is to be taken as the date of the finding and makes certain the end of the period covered by the indictment. This precise question as to uncertainty was raised in *Commonwealth* v. *Wood*, 4 Gray, 11, where the court disposed of the objection in these words: "We are of opinion that, according to the uniform practice of our courts, where there is nothing on the record showing the contrary, the time of finding the bill is to be taken to be the first day of the term of the court. Such indeed is the form of the caption to all indictments. When therefore an averment is made, that an offense was committed between a day certain and the day of finding the indictment, and there is nothing on the record showing the day when the indictment was found, it is equivalent to an averment that it was committed between the first day alleged and the day on which the term of the court commenced."

The practice in the courts of this State has been as uniform as in Massachusetts in this respect, and the same reasonable construction should prevail.

The date in the caption is not however, conclusive. Competent evidence may be introduced, as by other records of the court, to show that an indictment was in fact found on a later day than the first.

*Commonwealth* v. *Stone*, 3 Gray, 453 ; *Commonwealth* v. *Colton*, 11 Gray, 1 ; *Commonwealth* v. *Hines*, 101 Mass. 33.

In accordance with this principle the certificate of the clerk of court was admitted in *State* v. *Brownrigg*, 87 Maine, 500, to show that an indictment for liquor nuisance found at the October term 1893, of the Supreme Judicial Court for Waldo County was in fact found, not on October 17, the first day of the term, and the date of its caption, but on October 31st, and therefore it was held that a subsequent indictment for the same offense found at the April term, 1894, and covering the period from October 17, 1893, to the date of its finding could not be maintained, a plea in bar having been interposed, because the second indictment covered a portion of the same period embraced in the first, namely, from October 17 to October 31. This decision is confidently relied upon by the respondent but it is in entire harmony with our conclusion in the case at bar. The admission of the testimony and the instructions in this case were free from error and the entry must be,

*Exceptions overruled.*